ELLIS, Judge.
The plaintiff, A. C. Pierce & Co., Inc., has filed this suit against Hutson Sand & Gravel Company and its insurer for property damage to a truck belonging to plaintiff as the result of a collision at approximately 9 a. m. on a clear sunshiny day on June 8, 1951.
Defendant’s answer was a general denial and an alternative plea of contributory negligence as a bar to recovery.
After trial in the district court judgment was rendered in favor of the plaintiff, and the defendant has now appealed.
The facts are rather brief and not greatly in dispute — only the interpretation'. The defendant strenuously urges his plea of contributory negligence.
The plaintiff’s truck was being driven south on what is known as the Tiger Bend Road (a gravel road) in East Baton Rouge Parish, and the defendant’s truck was being driven in an easterly direction on a gravel road which intersected the Tiger Bend Road but did not continue across it, in other words it formed a T intersection, and the driver of defendant’s truck intended to make a left hand turn on the Tiger Bend Road and proceed in a northerly direction. The only two witnesses to the accident were the drivers of the trucks involved, and the driver of the plaintiff’s truck testified that he was proceeding south at approximately 25 or 30 miles an hour in his Ford % Ton truck, and when he got within approximately 10 to 15 feet of this intersection he saw the defendant’s truck and put on his brakes but could not avoid the collision. The right front fender and grill and right side of his truck was damaged.
The driver of the defendant’s truck testified that he had been driving just prior to the accident at 25 or 30 miles per hour; that he had slowed down and gone into second gear preparatory to making a left hand turn, when he saw the plaintiff’s truck, applied his brakes and came to a stop. However, he admits that his truck was protruding into Tiger Bend Road at an angle and this testimony is corroborated by the fact that the right front part of the guards in front of his radiator were struck by the plaintiff’s truck. It is clear that even if he was stopped he had gone into the highway and started his left hand turn.
The driver of the defendant’s truck testified on direct examination that when he first saw the plaintiff’s truck it “wasn’t twenty feet from me * * * ” However, further on in his direct examination he ■changed his testimony and stated, “I seen him about 100 feet from me when I applied my brakes.” Defendant’s driver admitted that the driver of plaintiff’s truck applied his brakes.
Under the state of facts the District Court with oral reasons rendered judgment in favor of plaintiff and we find no manifest error in the judgment. The plaintiff was not driving at an excessive speed and when within 10 or 15 feet of the intersecting road he saw the defendant’s truck and applied his brakes. His estimate of 10 to 15 feet is corroborated by the testimony of the driver of defendant’s truck when he said that he first saw plaintiff’s truck when it was approximately twenty feet from him. It is our opinion that the defendant had gone into the highway and started to make a left hand turn in front of the plaintiff’s approaching truck and that his negligence is the sole, proximate cause of this accident. The plaintiff, who was traveling at a mod *361 erate rate of speed under the circumstances, was confronted with an emergency not of his creation, and was not guilty of any negligence.
Judgment affirmed.